**Aubrey L. JONES, Plaintiff,**

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

**Civ. A. 1304–53.**

United States District Court District of Columbia.

June 30, 1955.

**58**

J. Warren Kinney, Jr., Cincinnati, Ohio, and James W. Dent, Washington, D. C., for plaintiff.

E. L. Reynolds and C. W. Moore, Washington, D. C., for defendant.

McGARRAGHY, District Judge.

This is an action brought for the purpose of obtaining allowance of Claims 1, 2, 3, 4, 5, 6, 16, 29, 30 and 31 of Patent Application Serial No. 95,114 of Aubrey L. Jones, the plaintiff in this action.

At the trial, counsel for the defendant stated that if Claim 1 is held to be allowable, the plaintiff may have the remaining claims except 29, 30 and 31, which were rejected as prolix.

The case has been briefed on both sides solely with respect to the question of whether or not Claim 1 is allowable.

More particularly, the question presented is whether the device as called for by Claim 1 embodies patentable subject matter over the prior art as exemplified by the Johnson (Great Britain), Stoltzfus and Hoffstetter patents which were cited by the Examiner and by the Board of Appeals as basis for rejection of the claims in suit.

The defendant's brief relies upon the British patent to Johnson and the United States patent to Stoltzfus as of major importance and agrees that the Court need not give consideration to the Hoffstetter patent since it has been agreed by both sides that the right of the plaintiff to a patent covering Claims 1, 2, 3, 4, 5, 6 and 16 may be resolved by consideration of Claim 1 alone.

Claim No. 1 reads as follows:

"An attachment for converting a conventional mobile rotary disc-type spreader for free flowing solid materials into a spreader for pulverulent material such as phosphate, wherein the conventional spreader includes a hopper having a discharge port and substantially horizontally disposed rotatable impeller means carried by a substantially vertically disposed shaft for rendering airborne particles of material discharged through said discharge port, said attachment comprising a central portion dimensioned to enclose the discharge port and said impeller means, said central portion including front, top and rear walls, and a pair of end portions each including front, top, rear and outer end walls, said end portions hingedly secured to said central portion for movement between lowered and raised positions relative thereto, said end portions when in lowered position combining with said central portion to define an elongated unobstructed open-bottomed chamber within which chamber pulverulent material from said hopper is rendered airborne due to rotation of the said impeller means and will accumulate in sufficient concentration to effect a substantially uniform gravitational deposition through said open bottom without any appreciable blow away of the material and thus effect a uniform application of the material on the ground, means for securing said central portion to the hopper of a pulverulent distributor, and means for rotating the impeller shaft."

Upon consideration of the entire record before the Patent Office, as well as the testimony taken in open court, the depositions filed herein, and the demonstrations made at the trial, I agree with the Board of Appeals that the claims in question are unpatentable over the prior art.

More specifically, I am of the opinion:

1. That the patents to Johnson and Stoltzfus each clearly disclose a structure having similar elements to those in

Claim No. 1 which comprise an attachment to the vehicle body to which the spreader is attached, and that the spreaders shown in Johnson and Stoltzfus are clearly attached to a commercially available truck bed with which they are used to spread material carried by the truck body.

2. That both Johnson and Stoltzfus clearly state that the spreaders or distributor devices may be readily mounted on a conventional type of motor vehicle to be carried thereby and no invention is involved in using any particular means to connect the spreader or distributor of these devices to the truck bodies with which they are used.

3. That the spreaders or distributors of Johnson and Stoltzfus all comprise devices which are attached to a conventional vehicle body, and thus comprise an attachment within the meaning of the term as used in Claim No. 1.

4. That it is obvious and devoid of invention to substitute the horizontally rotating impellers as shown by Stoltzfus for the vertically rotating impellers as shown by Johnson and that Claim No. 1 does not define invention over the combination.

5. That the structure shown by Johnson can be used for distributing a fine pulverulent material such as is adapted to be spread by plaintiff's spreader. The Johnson patent specifically mentions superphosphates as one of the materials his device is intended to spread.

6. That the details of the size, shape and proportions of the housing parts are matters which in no way define invention as set forth in the application since they are merely differences in design within the skill of the ordinary skilled worker in this art.

7. That while both Johnson and Stoltzfus disclose a pair of impellers instead of a single impeller used by the plaintiff, whether one or two impellers are used is a mere matter of choice or design not involving invention.

In view of the foregoing, the complaint will be dismissed.

Counsel for the defendant will prepare appropriate findings of fact, conclusions of law and judgment consistent with the foregoing.